UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MENDY RICHOUX | CIVIL ACTION NO. |
| PLAINTIFF | JUDGE |
| VERSUS | MAGISTRATE JUDGE |
| JEFFERSON PARISH SHERIFF'S OFFICE, SHERIFF JOSEPH P. LOPINTO, CORRECTHEALTH JEFFERSON, LLC, IRONSHORE SPECIALTY INSURANCE COMPANY | |
| DEFENDANTS | |

**PETITION FOR DAMAGES AND WRONGFUL DEATH**

NOW INTO COURT, through undersigned counsel, comes Mendy Richoux, the wife of the decedent, Shallen Richoux, of the age of majority, domiciled in the Parish of Jefferson, State of Louisiana, hereinafter referred to as "Plaintiff", who respectfully represent the following:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the matters herein in accordance with Article III, §2 of the United States Constitution, 28 USCA 1331, and 42 USC 1983, United States Constitution, Amendments VIII. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States, and under 28 U.S.C. §1343(a)(3) because this action seeks to redress the

deprivation, under color of state law, of civil rights. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367 a s to matters cognizable under the Constitution and laws of this State, particularly, but not exclusively, LSA-C.C. Arts. 2315, 2316, 2317 and 2320. Venue is appropriate under 28 U.S.C. §1391(b)(2) because the events giving rise to this Complaint occurred in this district.

**PARTIES**

2. **Plaintiff Mendy Richoux** is a person of full age of majority and a resident of the Parish of Jefferson in the State of Louisiana. Plaintiff is the wife of Mr. Richoux (deceased), who had no children, and suffered and ultimately died as a result of mistreatment endured as a prisoner at JPCC.

3. **Defendant Sheriff Joseph P. Lopinto, III** is a person of full age of majority and a resident of Louisiana. Lopinto has been the Sheriff of Jefferson Parish from August 31, 2017 to the present. In the year prior to his appointment, Lopinto was the chief of operations and chief criminal deputy for the Jefferson Parish Sheriff's Office ("JPSO"). Lopinto was and is responsible for the hiring, training, supervision, discipline and control of appropriate staff to maintain the care, custody, and control of prisoners in the custody of the Jefferson Parish Correctional Center ("JPCC" or "Gretna Jail"). He was responsible for all staffing levels of JPCC. He was also responsible for the supervision, administration, policies, practices, customs, and operations of JPCC. Lopinto delegated policy-making authority to Correct Health and its employees for providing medical care at the jail to inmates like Mr. Richoux. Sheriff Lopinto is responsible for the physical

maintenance of the jail and the care and custody of inmates in the jail. At all pertinent times, Lopinto was acting under color of law. He is liable both directly for the unconstitutional actions and vicariously for the state law actions complained of herein. He is sued in his in his individual and official capacity.

4. **Defendant CorrectHealth Jefferson, L.L.C.**, ("CorrectHealth") is a Louisiana limited liability company with its principle place of business in this District. Since 2015, CorrectHealth Jefferson has contracted with Jefferson Parish and JPSO to perform services on its behalf at the Prison, namely providing health care to JPCC inmates. At all material times, CorrectHealth is both a private and public actor. At all material times CorrectHealth Jefferson, LLC was a final policy maker with respect to placing inmates on, and removing inmates from, suicide watch at the JPCC. Similarly, CorrectHealth Jefferson, LLC is a final policy maker regarding where to place inmates in the JPCC who have a medical need. CorrectHealth Jefferson, LLC is a final policymaker in terms of having registered nurses provide most of the medical care at the JPCC.

5. **Defendant Ironshore Specialty Insurance Co.**, is an insurer practicing in this State providing coverage for Defendant CorrectHealth for the misconduct complained herein.

FACTS

6. Shallen Richoux was booked into the Jefferson Parish Correctional Center on July 24th, 2020 for domestic abuse battery and outstanding attachments.

7. On July 26th, 2020, at an unknown time Shallen Richoux was being held in a holding tank with other inmates, where he began to throw up.

8. He was removed from the holding tank by two officers and at least one nurse. After 10 to 15 minutes, he was returned to the holding tank.

9. After another period of time, Shallen Richoux began throwing up again and began having a seizure, leaving him prostrate on the ground while several inmates attempted to help him. Officers and the nurse came back into the holding tank and removed Shallen Richoux and placed him in a solitary holding tank.

10. Shallen was left in that holding cell for an unknown number of hours and not checked on or followed up with by either officers of the sheriff's department or CorrectHealth Jefferson Staff.

11. He was ignored until later when shift change was occurring and officers of the next shift were checking all inmates, and he was found unresponsive and died shortly thereafter.

12. The Defendants have a policy of not monitoring prisoners. Furthermore, Defendants made a choice to place prisoners who are at risk as a result of medical needs in an area of the prison where it is difficult for Defendants and their employees to see inside the cells. Hence, Defendants have implemented a policy of placing prisoners who at risk in an area of the prison that makes it difficult to observe them and provide necessary medical care.

13. Correct Health knows the sheriff has a policy of placing inmates who have medical needs and are at risk in cells with grates in the window knowing this situation makes it difficult for officers and medical personnel to monitor the health and status of the inmate, resulting in a failure to timely provide needed medical care. Correct Health knew or should have known that this presents a danger to prisoners who are having a medical episode and are placed in cells that are difficult to monitor.

CLAIMS

14. Defendants Lopinto and Correct Health were grossly negligent, reckless, and deliberately indifferent in managing, training, and supervising their subordinates, and medical personnel that interacted with Mr. Richoux.

15. Defendants Lopinto's failure to supervise (1) Defendant JPCC deputies and medical personnel and (2) Correct Health were a material cause of Shallen Richoux's injuries.

16. Defendants Lopinto and Jefferson Parish Sherriff's Office's failure to oversee the procedures and conditions at JPCC was a material cause of Plaintiff's injuries.

17. The injuries caused by Defendants' conscious and voluntary acts were serious and resulted in lasting damage. As a result of Defendants' conduct, Plaintiffs suffered, and continue to suffer, physical damage, as well as emotional and mental pain and suffering.

18. Defendants acted under pretense and color of state law in their individual capacities and within the scope of their respective employment. Defendants' actions were beyond the scope of their jurisdiction, authority, and power, and were done willfully, knowingly, and with the specific intent to deprive Shallen Richoux of his constitutional rights secured by 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendment of the United States Constitution.

19. Defendants unlawfully deprived Shallen Richoux, of his right to adequate medical care, which is guaranteed by the Fourteenth Amendment of the United States Constitution.

20. Defendants failed to enact policies and procedures to ensure that the staff of JPCC would adequately respond to medical emergencies and diagnose and treat arrestees.

21. As a result of the constitutionally inadequate medical care at JPCC, Plaintiff has endured, and will continue to endure, further physical, emotional, and mental pain and suffering.

JURY TRIAL DEMAND

22. Plaintiffs demand a jury trial to resolve all claims brought herein

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants, and that he be awarded the following relief:

a) Compensatory and nominal damages;
b) Punitive damages as to those defendants sued in their individual capacities
c) A declaratory judgment, pursuant to 28 U.S.C. §§2201 and 2202, that Defendants violated his rights under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983, Section 504 of the Rehabilitation Act, 29 U.S.C. §794 as well as state tort claims alleged herein while incarcerated at the Jefferson Parish Correctional Center;
d) Costs and reasonable attorneys' fees incurred in the prosecution of this action
e) Other such relief as the court may deem just and proper.

Respectfully Submitted.

s/ Stavros Panagoulopoulos
Stavros Panagoulopoulos, #33622
2125 St. Charles Ave
New Orleans, LA 70130
Phone: (504) 308-1300
Fax: (504) 308-1600
Email:
Stavros.p@pelicanlawgroup.com